# 22-2750

*To Be Argued By*:
Elizabeth J. Kim

## United States Court of Appeals

### FOR THE SECOND CIRCUIT
### Docket No. 22-2750

➤ ◆◆◆ ➤

BORIS KOTLYARSKY, an individual,

*Plaintiff-Appellant*,

—v.—

UNITED STATES DEPARTMENT OF JUSTICE, a Governmental
federal agency, PREET BHARARA, in his official capacity,
and JAMES COMEY, in his official capacity,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of New York

## BRIEF FOR DEFENDANTS-APPELLEES

Damian Williams,
*United States Attorney for the
Southern District of New York,
Attorney for Defendants-Appellees.*
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2745

Elizabeth J. Kim,
Benjamin H. Torrance,
*Assistant United States Attorneys,
Of Counsel.*

# TABLE OF CONTENTS

PAGE

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . .  1

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . .  2

Issues Presented for Review . . . . . . . . . . . . . . . . . . .  2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . .  3

    A.   Procedural History . . . . . . . . . . . . . . . . . . . .  3

    B.   Factual Background . . . . . . . . . . . . . . . . . . . .  3

        1.   Prior Criminal Proceedings . . . . . . . . . .  3

        2.   Kotlyarsky's Present Action . . . . . . . . .  4

Summary of the Argument . . . . . . . . . . . . . . . . . . . .  8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . .  9

POINT I—Kotlyarsky Waived His Claims
    on Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

POINT II—The District Court Did Not Err in
    Dismissing Kotlyarsky's Claims . . . . . . . . . . .  12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

ii

PAGE

# TABLE OF AUTHORITIES

*Cases*:

*Adeleke v. United States*,
    355 F.3d 144 (2d Cir. 2004) . . . . . . . . . . . . . . . . 14

*Allco Finance Ltd. v. Klee*,
    861 F.3d 82 (2d Cir. 2017) . . . . . . . . . . . . . . . . . 17

*Barnes v. City of New York*,
    68 F.4th 123 (2d Cir. 2023) . . . . . . . . . . . . . . . . 18

*Bender v. City of New York*,
    78 F.3d 787 (2d Cir. 1996) . . . . . . . . . . . . . . 18, 19

*Bivens v. Six Unknown Named Agents of*
    *Federal Bureau of Narcotics*,
    403 U.S. 388 (1971) . . . . . . . . . . . . . . . . . . . . . . . 13

*Boddie v. Davis*,
    242 F.3d 364 (2d Cir. 2000) . . . . . . . . . . . . . . . . 10

*Cantú v. Moody*,
    933 F.3d 414 (5th Cir. 2019) . . . . . . . . . . . . . . . 13

*Castro v. United States*,
    34 F.3d 106 (2d Cir. 1994) . . . . . . . . . . . . . . . . . 14

*Cayuga Nation v. Tanner*,
    6 F.4th 361 (2d Cir. 2021) . . . . . . . . . . . . . . . . . 15

*Celestine v. Mount Vernon Neighborhood*
    *Health Center*,
    403 F.3d 76 (2d Cir. 2005) . . . . . . . . . . . . . . . . . 14

iii

PAGE

*Cephas v. Nash*,
  328 F.3d 98 (2d Cir. 2003) . . . . . . . . . . . . . . . . . 10

*District of Columbia v. Carter*,
  409 U.S. 418 (1973). . . . . . . . . . . . . . . . . . . . . . . 12

*Dotson v. Griesa*,
  398 F.3d 156 (2d Cir. 2005) . . . . . . . . . . . . . . . . 13

*Egbert v. Boule*,
  142 S. Ct. 1793 (2022). . . . . . . . . . . . . . . . . . . . . 13

*Frank v. Johnson*,
  968 F.2d 298 (2d Cir. 1992) . . . . . . . . . . . . . . . . 11

*Heck v. Humphrey*,
  512 U.S. 477 (1994). . . . . . . . . . . . . . . . .  6, 16, 17

*In re Agent Orange Product Liability Litigation*,
  818 F.2d 210 (2d Cir. 1987) . . . . . . . . . . . . . . . . 14

*Kentucky v. Graham*,
  473 U.S. 159 (1985). . . . . . . . . . . . . . . . . . . . . . . 12

*King v. Simpson*,
  189 F.3d 284 (2d Cir. 1999) . . . . . . . . . . . . . . . . 12

*Kingsley v. Bureau of Prisons*,
  937 F.2d 26 (2d Cir. 1991) . . . . . . . . . . . . . . . . . 13

*Kotlyarsky v. United States*,
  18 Civ. 1746, 2019 WL 1957537
  (S.D.N.Y. May 2, 2019) . . . . . . . . . . . . . . . . . . 4, 16

*Lauer v. City of New York*,
  659 N.Y.S.2d 57 (App. Div. 2d Dep't 1997) . . . . . 19

iv

PAGE

*LoSacco v. City of Middletown*,
　71 F.3d 88 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . 11

*Macias v. Zenk*,
　495 F.3d 37 (2d Cir. 2007) . . . . . . . . . . . . . . . . . 13

*Manganiello v. City of New York*,
　612 F.3d 149 (2d Cir. 2010) . . . . . . . . . . . . . 13, 18

*Selvam v. United States*,
　No. 21-2513, 2022 WL 6589550
　(2d Cir. Oct. 11, 2022). . . . . . . . . . . . . . . . . . . . . 13

*Smith v. Campbell*,
　782 F.3d 93 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . 9

*Tavarez v. Reno*,
　54 F.3d 109 (2d Cir. 1995) . . . . . . . . . . . . . . . . . 13

*Taylor v. Sturgell*,
　553 U.S. 880 (2008). . . . . . . . . . . . . . . . . . . . . . . 15

*Terry v. Incorporated Village of Patchogue*,
　826 F.3d 631 (2d Cir. 2016) . . . . . . . . . . . . . . . . 11

*Thomas v. Arn*,
　474 U.S. 140 (1985). . . . . . . . . . . . . . . . . . . . . . . . 7

*Town of Babylon v. Federal Housing*
　*Finance Agency*,
　699 F.3d 221 (2d. Cir. 2012). . . . . . . . . . . . . . . . . 9

*Triestman v. Federal Bureau of Prisons*,
　470 F.3d 471 (2d Cir. 2006) . . . . . . . . . . . . . . . . . 9

*United States v. Acosta*,
　502 F.3d 54 (2d Cir. 2007) . . . . . . . . . . . . . . . . . 13

v

PAGE

*United States v. Male Juvenile (95-CR-1074)*,
   121 F.3d 34 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . 9

*United States v. Podell*,
   572 F.2d 31 (2d Cir.1978) . . . . . . . . . . . . . . . . . . 15

*United States v. U.S. Currency in Amount of
   $119,984.00, More or Less*,
   304 F.3d 165 (2d Cir. 2002) . . . . . . . . . . . . . . . . . 15

*Wagner & Wagner, LLP v. Atkinson, Haskins,
   Nellis, Brittingham, Gladd & Carwile, P.C.*,
   596 F.3d 84 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . 10

*Walker v. Schult*,
   717 F.3d 119 (2d Cir. 2013) . . . . . . . . . . . . . . . . . 13

*Weyant v. Okst*,
   101 F.3d 845 (2d Cir. 1996) . . . . . . . . . . . . . . . . . 18

*Williams v. Ward*,
   556 F.2d 1143 (2d Cir. 1977) . . . . . . . . . . . . . . . 15

*Wilson v. City of New York*,
   743 N.Y.S.2d 30 (App. Div. 1st Dep't 2002) . . . . 19

*Ziglar v. Abbasi*,
   137 S. Ct. 1843 (2017) . . . . . . . . . . . . . . . . . . . . . . 13

*Statutes*:

18 U.S.C. § 1951 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 636 . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

vi

PAGE

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2675 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

# United States Court of Appeals

## FOR THE SECOND CIRCUIT
## Docket No. 22-2750

———————

BORIS KOTLYARSKY, an individual,

*Plaintiff-Appellant,*

—v.—

UNITED STATES DEPARTMENT OF JUSTICE, a
Governmental federal agency, PREET BHARARA, in his
official capacity, and JAMES COMEY, in his official
capacity,

*Defendants-Appellees.*

———————

## BRIEF FOR DEFENDANTS-APPELLEES

———————

### Preliminary Statement

Plaintiff-appellant Boris Kotlyarsky, who was con-
victed of extortion offenses in federal court in 2016,
now sues various individuals and entities involved in
his prosecution. He asserts constitutional and state
law tort claims of malicious prosecution and inten-
tional or negligent infliction of emotional distress aris-
ing out of his criminal proceedings. But those claims
fail for numerous reasons. Even putting aside Ko-
tlyarsky's failure to raise arguments disagreeing with

2

the magistrate judge's recommendation to the district court, or disagreeing with the district court's opinion on appeal, his claims were properly dismissed. As the district court held, he cannot sue federal officials under 42 U.S.C. § 1983; he cannot raise tort claims against the federal government before exhausting administrative remedies; his claims are precluded by his prior litigation regarding the same issues; his claims seek to call his conviction into question in violation of *Heck v. Humphrey*; and he has failed to state a claim for the torts he alleges. The district court's order dismissing Kotlyarsky' s claims should be affirmed.

## Jurisdictional Statement

The district court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Kotlyarsky's claims arose under the laws of the United States. The district court entered final judgment dismissing Kotlyarsky's action on September 30, 2022 (Plaintiff-Appellant's Appendix ("PA") 133-44), and Kotlyarsky filed a timely notice of appeal on October 18, 2022 (PA 146). Accordingly, this Court has jurisdiction under 28 U.S.C. § 1291.

## Issues Presented for Review

1. Whether Kotlyarsky waived any arguments for reversal by failing to object to the magistrate judge's recommendation, and by failing to raise them on appeal.

2. Whether the district court's judgment should be affirmed because Kotlyarsky cannot maintain § 1983 claims against a federal agency and federal officials

3

acting in their official capacities, Kotlyarsky failed to exhaust his administrative remedies with respect to his state law claims as required by the Federal Tort Claims Act ("FTCA"), Kotlyarsky's claims were barred by both *Heck v. Humphrey* and issue preclusion, and Kotlyarsky has failed to state a claim for the alleged torts.

## Statement of the Case

### A.  Procedural History

Kotlyarsky commenced this action in district court in November 2020. (PA 2). On August 6, 2021, the defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (PA 30-31). On August 18, 2021, the magistrate judge (Stewart D. Aaron, M.J.) entered a report and recommendation, recommending that the defendants' motion to dismiss be granted (PA 95-106), and on September 28, 2022, the district court (Paul G. Gardephe, J.) granted that motion over Kotlyarsky's objections (PA 133-44). Final judgment was entered on September 30, 2022 (PA 145), and Kotlyarsky filed a timely notice of appeal on October 18, 2022 (PA 146).

### B.  Factual Background

#### 1.  Prior Criminal Proceedings

This civil action arises out of criminal proceedings against Kotlyarsky in *United States v. Boris Kotlyarsky*, No. 16 Cr. 215 (S.D.N.Y.). (Defendants-Appellees' Supplemental Appendix ("SA") 1-15). In brief, as later described by the district court in denying

4

post-conviction relief, the government alleged "that Kotlyarsky brokered a deal between Boris Nayfeld and Oleg Mitnik, wherein Mitnik agreed to pay Nayfeld approximately $125,000 in exchange for Nayfeld's promise to halt a pending contract for Mitnik's murder. The murder contract was ordered by a Russian businessman named Anatoly Potik, who was Mitnik's father-in-law." *Kotlyarsky v. United States*, No. 18 Civ. 1746, 2019 WL 1957537 at *1 (S.D.N.Y. May 2, 2019). On October 27, 2016, Kotlyarsky pleaded guilty to conspiracy to commit Hobbs Act extortion, in violation of 18 U.S.C. § 1951, and to aiding and abetting Hobbs Act extortion, in violation of 18 U.S.C. §§ 1951 and 2. (SA 21-36). On May 31, 2017, Judge Lewis A. Kaplan sentenced Kotlyarsky to 41 months of imprisonment. (SA 40-45). Kotlyarsky did not appeal his conviction or sentence. (SA 1-15).

In 2018, Kotlyarsky filed a motion under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence on various grounds, including that he had received ineffective assistance of counsel, the government had violated its *Brady* obligations, and his plea agreement should be invalidated. (SA 46-58); *see Kotlyarsky*, 2019 WL 1957537 at *3. Judge Kaplan denied Kotlyarsky's § 2255 motion. *See id.* at *8. Kotlyarsky did not appeal. (SA 147-51).

**2. Kotlyarsky's Present Action**

Kotlyarsky, through his counsel, then filed the current action against the Department of Justice; Preet Bharara, the former United States Attorney for the Southern District of New York, in his official capacity;

5

and James Comey, the former director of the Federal Bureau of Investigation, in his official capacity. (PA 7-29). Kotlyarsky's complaint asserted § 1983 claims for alleged violations of his constitutional rights, and state law claims for malicious prosecution and intentional or negligent infliction of emotional distress.[1] (PA 20-23). Kotlyarsky alleged that the FBI, under the direction of Comey, provided misleading information that led to Kotlyarsky's arrest in order to protect Potik, and that the government, under the direction of Bharara, withheld exculpatory testimony in violation of *Brady*. (PA 8).

The defendants moved to dismiss Kotlyarsky's complaint, and on August 18, 2021, the magistrate judge issued a report and recommendation, recommending that the motion be granted. (PA 95-106). First, the magistrate judge concluded that § 1983 claims cannot be brought against a federal agency and federal officials in their official capacities because § 1983 "only provides redress for federal statutory and constitutional violations perpetrated under color of *state* law." (PA 100-01 (quotation marks omitted)). The magistrate judge also determined that § 1983 actions against federal agencies and federal officers in their official capacities were barred by sovereign immunity. (PA 101 n.2).

_____

[1] Although the heading for Kotlyarsky's emotional distress claim states "Intentional Infliction of Emotional Distress" (PA 28), Kotlyarsky's complaint also alleged negligent infliction of emotional distress (PA 9, 26, 29).

6

Second, the magistrate judge concluded that the district court lacked subject matter jurisdiction over Kotlyarsky's state law claims for malicious prosecution and intentional or negligent infliction of emotional distress because those claims "[fell] within the purview of the [Federal Tort Claims Act]," and Kotlyarsky "fail[ed] to allege that he ha[d] exhausted administrative remedies" as the FTCA requires. (PA 102). The magistrate judge also noted that FTCA claims may only be brought against the United States itself. (PA 102 n.3).

Furthermore, the magistrate judge noted that Kotlyarsky was precluded from raising claims that were asserted in his previous § 2255 motion. (PA 102). The magistrate judge also determined that Kotlyarsky's § 1983 claims failed under the doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), in which the Supreme Court held that § 1983 claims arising from a plaintiff's criminal conviction were barred unless that conviction has been reversed or otherwise made invalid. (PA 103). The magistrate judge concluded that Kotlyarsky failed to state a malicious prosecution claim because he could not show that his underlying criminal proceeding was terminated in his favor, as required. (PA 103-04). The magistrate judge determined that Kotlyarsky's § 1983 claim for false arrest failed for similar reasons, because the existence of probable cause and a resulting conviction each constituted a complete defense for such a claim. (PA 104). Finally, the magistrate judge determined that Kotlyarsky's infliction of emotional distress claim against Bharara and Comey failed because he had not pleaded facts to establish extreme or outrageous

7

conduct by these defendants (PA 104), and that an intentional infliction of emotional distress could not be sustained against a governmental entity (PA 104-05). The report concluded that amendment of the complaint would be futile, and leave to replead should therefore be denied. (PA 105).

The magistrate judge included a notice to the parties that "failure to file . . . timely objections will result in a waiver of those objections for purposes of appeal," citing 28 U.S.C. § 636(b)(1), Federal Rules of Civil Procedure 6(a), 6(d), and 72(b), and *Thomas v. Arn*, 474 U.S. 140 (1985). (PA 105-06).

Kotlyarsky filed objections to the magistrate judge's recommendations. (PA 119-25). The district court entered an order on September 28, 2022, overruling those objections and granting the defendants' motion to dismiss. (PA 142). Noting that "Kotlyarsky does not challenge Judge Aaron's legal conclusions, or otherwise take issue with Judge Aaron's legal analysis," the district judge reviewed the report for clear error, and found none. (PA 142). The district court agreed that § 1983 claims may not be brought against a federal agency or federal officials acting in their official capacities; that Kotlyarsky's state law claims were subject to the FTCA, and there was no evidence that he had exhausted his administrative remedies; and that Kotlyarsky's claims were also barred by issue preclusion based on his convictions and the adverse ruling on his § 2255 motion. (PA 142). The district court further denied leave to amend the complaint, concluding an amendment would be futile in light of the legal obstacles to Kotlyarsky's claims. (PA 143).

8

## Summary of the Argument

At the threshold, Kotlyarsky cannot prevail on this appeal because he has waived all his arguments. First, he failed to object to the points determined by the magistrate judge's report and recommendation, instead only contending that he should be allowed to amend his complaint; second, he failed to raise any arguments in his brief to this Court as to why the district court's decision was in error. For both those reasons, he has waived his arguments, and the judgment should be affirmed for that reason alone. *See infra* Point I.

Even if Kotlyarsky had not waived his arguments, the district court's holdings were correct. The district court correctly concluded that Kotlyarsky could not maintain § 1983 claims against a federal agency and federal officials acting in their official capacities. The district court also correctly held that Kotlyarsky's state law tort claims must be dismissed due to his failure to exhaust administrative remedies under the FTCA. Furthermore, the district court properly determined that Kotlyarsky's claims were barred by issue preclusion due to his convictions and the denial of his § 2255 motion, and were additionally barred because they would call into question his criminal conviction in violation of *Heck v. Humphrey*. Finally, the district court was correct to determine that Kotlyarsky failed to state a claim for the torts of malicious prosecution or infliction of emotional distress. *See infra* Point II.

For these reasons, the district court's judgment should be affirmed.

9

# A R G U M E N T

## Standard of Review

This Court reviews de novo a district court decision dismissing a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), and for failure to state a claim under Rule 12(b)(6), *Town of Babylon v. Federal Housing Finance Agency*, 699 F.3d 221, 227 (2d. Cir. 2012).

## POINT I

## Kotlyarsky Waived His Claims on Appeal

At the threshold, Kotlyarsky's appeal fails because he has waived his arguments twice over: first, by not objecting to the points addressed by the magistrate judge's report; second, by not raising his arguments in his brief to this Court.

This Court has adopted a "rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). Kotlyarsky received clear notice of the consequences should he fail to object (PA 105-06), and thus the Court should apply its waiver rule here. *See, e.g.,* S*mith v. Campbell,* 782 F.3d 93, 102 (2d Cir. 2015) (declining to reach arguments because appellant failed to object to report and recommendation in district court). Although Kotlyarsky did file an objection, the district

10

judge correctly noted that his objection did not address the magistrate judge's reasoning—the objection merely asked for leave to amend the complaint (PA 142) and alluded to factual bases on which Kotlyarsky challenged his criminal conviction (Dist. Ct. ECF 25). Kotlyarsky has therefore waived appellate review as to the legal bases for objecting to the magistrate judge's report—meaning he has entirely waived appellate review except as to the issue of leave to amend, since the report otherwise consisted solely of legal bases for dismissing Kotlyarsky's action. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point"); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."); *Boddie v. Davis*, 242 F.3d 364 (2d Cir. 2000) ("[B]y failing to object[ ] to that part of the magistrate's report dismissing his claims against McNeal, Boddie waived his right to appellate review of the issue.").[2]

_____

[2]    Kotlyarsky is proceeding pro se on appeal, but at the time he objected to the magistrate judge's report, he was represented by counsel. (Dist. Ct. ECF 25 (docket entry noting filing of objections by counsel); ECF 29 (Kotlyarsky's pro se appearance, dated after the district court's order of dismissal)). Nevertheless, an uncounseled litigant waives appellate review of a magistrate judge's report as long as the report warns

11

Kotlyarsky has waived review a second time, because his brief does not present any arguments as to why the district court's decision (including its denial of leave to amend) was incorrect. "Although [the Court] accord[s] filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." *Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 632-33 (2d Cir. 2016); *accord LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (pro se litigant has "abandoned" issue not raised in appellate brief).

Kotlyarsky has not done so here. His brief consists entirely of contentions challenging his criminal conviction, on the alleged grounds that his plea of guilty was not truly voluntary, that there was insufficient evidence to demonstrate his conduct was criminal, or that there were irregularities or prosecutorial misconduct in the criminal proceedings (Brief of Plaintiff-Appellant ("Br.") 6-19); or that his § 2255 motion was incorrectly dismissed (Br. 19-22). Nowhere does Kotlyarsky address the district court's reasoning regarding his § 1983 claims, state law tort claims and FTCA exhaustion, issue preclusion, *Heck v. Humphrey*, or leave to amend the complaint. In short, Kotlyarsky has failed to develop any arguments that the district court's

––––––––––

the litigant of that consequence and cites 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, 6(a) and 6(e). *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992). The report did so here. (PA 105-06).

order was legally erroneous. The district court's judgment should be affirmed on that ground alone.

## POINT II

### The District Court Did Not Err in Dismissing Kotlyarsky's Claims

In any event, even if Kotlyarsky had articulated theories of error regarding the district court's dismissal of his claims, there would be no grounds to reverse the district court's order.

First, the district court properly concluded that Kotlyarsky could not maintain § 1983 claims against any federal entity or officer, including DOJ or Bharara or Comey acting in their official capacities. (PA 142).[3]

––––––––––––

[3] Kotlyarsky's complaint expressly names Comey and Bharara as defendants in their official capacities. (PA 7, 9-10). But an official-capacity suit is, in effect, a suit against the government, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), and the federal government has not waived sovereign immunity against constitutional claims for damages, *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Kotlyarsky only specifically seeks damages as relief (PA 29); his official-capacity claims against Bharara and Comey therefore cannot proceed (nor can a damages action against DOJ, due to the same lack of a waiver of sovereign immunity). Nor could he seek injunctive relief against Bharara and Comey, who are not currently federal employees; indeed, his complaint does not identify any injunctive relief that would redress his alleged injuries.

13

Section 1983 "deals only with those deprivations of rights that are accomplished under the color of law of 'any State or Territory.'" *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973). It "does not apply to allegedly unlawful acts of federal officers." *United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007); *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991).[4]

---

[4] While this Court has construed pro se § 1983 actions as proceeding under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Kotlyarsky was represented by counsel throughout the district court proceedings. *See Walker v. Schult*, 717 F.3d 119, 123 n.5 (2d Cir. 2013); *Macias v. Zenk*, 495 F.3d 37, 40 (2d Cir. 2007).

Regardless, any constitutional *Bivens* claim would fail. "Whether a claim for malicious prosecution can proceed under *Bivens* is an open question in this Circuit" following the Supreme Court's decisions in *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022), and *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1868 (2017). *Selvam v. United States*, No. 21-2513, 2022 WL 6589550, at *2 (2d Cir. Oct. 11, 2022); *but see Cantú v. Moody*, 933 F.3d 414, 421-25 (5th Cir. 2019) (holding no *Bivens* claim lies for malicious prosecution). But assuming such a *Bivens* action is permissible, it would require a plaintiff to show "termination of the proceeding in plaintiff's favor." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). As explained below in the discussion of the tort of malicious prosecution, Kotlyarsky's criminal conviction precludes that showing. In

14

Second, the district court correctly determined Kotlyarsky's state law claims for the torts of malicious prosecution and intentional or negligent infliction of emotional distress were subject to the FTCA, and there was no evidence that he had exhausted his administrative remedies. (PA 142). A claimant's "exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA." *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). The FTCA bars suit against the government "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). The plaintiff bears the burden to "both plead and prove compliance with the [FTCA's exhaustion] requirements," *In re Agent Orange Product Liability Litigation*, 818 F.2d 210, 214 (2d Cir. 1987), which are "jurisdictional and cannot be waived," *Celestine*, 403 F.3d at 82; *see Adeleke v. United States,* 355 F.3d 144, 153 (2d Cir. 2004) (exhaustion requirement "applies equally to litigants with counsel and to those proceeding *pro se*"). Because Kotlyarsky's complaint is devoid of any allegation that he complied with the FTCA's administrative exhaustion requirement in connection with his state law claims, the district court

---

addition, *Heck v. Humphrey* applies to *Bivens* claims, *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), and as described below is another fatal bar to Kotlyarsky's constitutional claim.

15

properly dismissed those claims for lack of subject matter jurisdiction.

Third, the district court correctly held that Kotlyarsky's claims were barred by collateral estoppel or issue preclusion. The preclusive effect of a previous judgment of a federal court under its federal-question jurisdiction is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* at 892 (quotation marks omitted). Issue preclusion requires that "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party raising the issue had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (quotation marks and alterations omitted), *cert. denied*, 142 S. Ct. 775 (2022). " '[A] criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case.' " *United States v. U.S. Currency in Amount of $119,984.00, More or Less*, 304 F.3d 165, 172 (2d Cir. 2002) (quoting *United States v. Podell*, 572 F.2d 31, 35 (2d Cir.1978)). Similarly, "a judgment in habeas can effect issue preclusion in a § 1983 action if the issue was litigated and the decision was on the

16

merits." *Williams v. Ward*, 556 F.2d 1143, 1153 (2d Cir. 1977) (Friendly, J.).

Applying these principles here, the district court correctly concluded that Kotlyarsky's claims were barred by issue preclusion due to his convictions in the underlying criminal proceedings and the adverse decision on his § 2255 motion. Kotlyarsky's complaint in this action reiterates arguments that he made, and were litigated by the parties, in his § 2255 motion. Specifically, those issues included Kotlyarsky's contentions that the government violated its *Brady* obligations by failing to disclose exculpatory testimony from Boris Nayfeld (*compare* PA 8-9, 12-13 *with* SA 79-84); the government's *Brady* violations caused Kotlyarsky to plead guilty under duress (*compare* PA 18-24 *with* SA 100-08); and Kotlyarsky did not commit Hobbs Act extortion (*compare* PA 24-26 *with* SA 108-11). Furthermore, these arguments were rejected by the district court. *See Kotlyarsky*, 2019 WL 1957537 at *7-8 (rejecting arguments that government violated *Brady* by not disclosing Nayfeld's testimony at Kotlyarsky's plea hearing, that Kotlyarsky should not have been charged with extortion, and that Kotlyarsky pleaded guilty under duress). Issue preclusion thus bars Kotlyarsky's claims in this case.

Fourth, the district court properly determined that Kotlyarsky's constitutional claims failed under the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994).[5] In that case, the Supreme Court held that

---

[5] The district court's order adopting the magistrate judge's report is unclear as to whether it agrees

17

§ 1983 claims arising out of a plaintiff's criminal conviction are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Thus, courts must consider whether a judgment in favor of a plaintiff "would necessarily imply the invalidity of his conviction or sentence." *Id.* In this proceeding, Kotlyarsky asserts almost nothing except his contention that his conviction was invalid. The district court thus correctly determined that to issue a judgment in Kotlyarsky's favor on his § 1983 claims—which arose out of his criminal conviction and would imply the invalidity of his conviction or sentence—would be impermissible under *Heck*. (PA 141 (citing PA 103)).

Finally, the district court correctly held that Kotlyarsky's malicious prosecution and intentional

---

with the report's conclusions that *Heck v. Humphrey* applies, or that Kotlyarsky has failed to state a claim under state tort law. (PA 142 (stating, after reciting the report's adoption of those grounds, that it "finds no error in Judge Aaron's conclusion that Kotlyarsky's claims must be dismissed," but then listing only the inapplicability of § 1983 to federal officers, lack of FTCA exhaustion, and issue preclusion as reasons for dismissal)). Regardless, this Court may "affirm the judgment on any basis that is supported by the record." *Allco Finance Ltd. v. Klee*, 861 F.3d 82, 95 (2d Cir. 2017) (quotation marks omitted).

infliction of emotional distress claims failed because
Kotlyarsky did not state a claim. A malicious prosecu-
tion claim under New York law has four elements: "(1)
the initiation or continuation of a criminal proceeding
against plaintiff; (2) termination of the proceeding in
plaintiff's favor; (3) lack of probable cause for com-
mencing the proceeding; and (4) actual malice as a mo-
tivation for defendant's actions." *Manganiello v. City
of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (quota-
tion marks omitted). A person convicted of a crime
"cannot allege a favorable termination of his criminal
proceedings for purposes of his malicious prosecution
claim." *Barnes v. City of New York*, 68 F.4th 123, 128
(2d Cir. 2023). The district court appropriately con-
cluded that because Kotlyarsky pleaded guilty in the
underlying criminal proceeding, "he cannot show that
there was a termination of that proceeding in his fa-
vor." (PA 141 (citing PA 104)).[6]

Similarly, the district court properly determined
that Kotlyarsky failed to state a claim of intentional or
negligent infliction of emotional distress. Under New
York law, an intentional infliction of emotional dis-
tress claim has four elements: "(1) extreme and outra-
geous conduct, (2) intent to cause severe emotional dis-
tress, (3) a causal connection between the conduct and
the injury, and (4) severe emotional distress." *Bender
v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996).
Conduct is "extreme and outrageous" when it is "so

_____

[6] A resulting conviction also precludes any false
arrest claim Kotlyarsky purports to bring. (PA 104
n.6); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

19

outrageous in character, and so extreme in degree, as
to go beyond all possible bounds of decency, and to be
regarded as atrocious, and utterly intolerable in civi-
lized society." *Id.* at 790-91. Furthermore, New York
courts have reasoned that "public policy bars claims
sounding in intentional infliction of emotional distress
against a governmental entity." *Lauer v. City of New
York*, 659 N.Y.S.2d 57, 58 (App. Div. 2d Dep't 1997)
(collecting cases).

The district court properly concluded that
Kotlyarsky failed to plead facts to establish "extreme
or outrageous" conduct by Bharara or Comey. (PA 141
(citing PA 104)).[7] Nor does the complaint allege any
intent to cause emotional distress. Indeed, references
to Bharara and Comey in Kotlyarsky's complaint are
limited to generalized allegations regarding purported
actions taken by the FBI and the government under
their "direction" or "supervision." (PA 8). In addition,
the district court correctly determined that Kotlyarsky
failed to state an intentional infliction of emotional
distress claim against the DOJ because such a claim
cannot be brought against a government entity.
(PA 141-42 (citing PA 104-05)); *see Lauer*, 659
N.Y.S.2d at 58.

———————

[7] The district court concluded that Kotlyarsky's
emotional distress claim would fail even if he intended
to plead a negligent infliction of emotional distress
claim, because it also requires "extreme and outra-
geous conduct" by Bharara or Comey. (PA 141 (citing
PA 104 n.7)); *see Wilson v. City of New York*, 743
N.Y.S.2d 30, 34 (App. Div. 1st Dep't 2002).

20

## CONCLUSION

**The judgment of the district court should be affirmed.**

Dated:     New York, New York
           June 14, 2023

                    Respectfully submitted,

                    DAMIAN WILLIAMS,
                    *United States Attorney for the*
                    *Southern District of New York,*
                    *Attorney for Defendants-Appellees.*

ELIZABETH J. KIM,
BENJAMIN H. TORRANCE,
   *Assistant United States Attorneys,*
              *Of Counsel.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel hereby certifies that this brief complies with the type-volume limitation of the Federal Rules of Appellate Procedure and this Court's Local Rules. As measured by the word processing system used to prepare this brief, there are 4,478 words in this brief.

DAMIAN WILLIAMS,
*United States Attorney for the*
*Southern District of New York*

By: ELIZABETH J. KIM,
*Assistant United States Attorney*