UNITED STATES COURT OF APPEALS

for the

FOR THE SECOND CIRCUIT

Case No. 22-2750

BORIS KOTLYARSKY,

PLAINTIFF - APPELLANT,

- v. -

UNITED STATES DEPARTMENT OF JUSTICE,

DEFENDANT - APPELLEE.

Appeal from the United States District Court

For the Southern District of New York

# APPELLANT'S REPLY BRIEF

Boris Kotlyarsky
*Pro Se*
1900 East 22nd Street
Brooklyn, New York 11229

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………1

BACKGROUND- SEARCH FOR TWO NAMES………………………3

ARGUMENT……………………………………………………………6

    1.  Standard of Review…………………………………………………6

    2.  Mistake was Made in the Trial Court………………………………6

    3.  The Justice in the Southern District of New York is Absolutely Unexplainable……………………………………………………9

    4.  Way of Justice…………………………………………………9

CONCLUSION……………………………………………………...14

# **TABLE OF AUTHORITIES**

## CASES

Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971)............................................................................13

Bell v. Hood, 327 U.S. 678, 684 (1946)....................................................12

Murray v. The Schooner Charming Betsy, 6 U.S. (2 Cranch) 64 (1804)...........12

Little v. Barreme, 6 U.S. (2 Cranch) 170 (1804)......................................12

## STATUTES

18 U.S.C §1951..................................................................1, 7, 15

U.S. v. Potik, Docket #: 1:16-MJ-00486.................................................1

U.S. v. Potik, Docket #: 1:17-CR-00232.................................................1

U.S. v. Nayfeld, Docket #: 1:16-CR-00207 (KBF).....................................1

U.S. v. Kotlyarsky, Docket #: 1:16-CR-00215-LAK....................................1

28 U.S.C. 2255.........................................................................6

## PRELIMINARY STATEMENT

Mr. Kotlyarsky is challenging the sentencing handed down by Hon. Lewis A. Kaplan in # 1:16-cr-00215(LAK), which charged him with two offenses: conspiracy to extort and extortion under Title 18 U.S.C §1951. The Court did not have any evidence or testimony to prove that he violated any laws.

On May 31st 2017, Judge Lewis A Kaplan found then 70-year-old Mr. Kotlyarsky guilty of conspiracy to extort and extortion. Judge Kaplan remarked on the record that "I don't have any evidence in front of me", bust still found Mr. Kotlyarsky guilty of (1) conspiracy to extort offense (2) extortion, based solely on the Government letter and summary. The Court only relied on the Government accusations, and not on evidence.

The case against mastermind Mr. Potik who agreed to pay $250,000 (01/08/2016) to murder US Citizen Mr. Mitnik was dismissed. Filed under Docket Numbers 1:16-MJ-00486 and 1:17-CR-00232, both cases were dismissed Nolle Prosequi. Even the hitman Mr. Nayfeld who agreed to murder Mr. Mitnik, and who agreed to accept $250,000.00 from Mr. Potik, was sentenced to 23 months in prison. See U.S. v. Nayfeld, Docket #: 1:16-CR-00207 (KBF).

The Good Samaritan, Mr. Kotlyarsky who did a noble deed by saving the life of Mr. Mitnik with no financial or any gain whatsoever received 41 months in prison. U.S. v. Kotlyarsky, Docket #: 1:16-CR-00215-LAK. All of the evidence pointed to

1

the fact that there was absolutely no financial gain to Mr. Kotlyarsky, that his sole motivation was to save the life of Mr. Mitnik. There was not a single piece of evidence to support that a crime was committed by Mr. Kotlyarsky. Based on the Nolle Prosequi of the mastermind Mr. Potik who orchestrated a murder for hire of his son in law, and the 41-month sentence of the whistle blower who did a noble deed by preventing the murder, the message is clear that Crime Pays in the Southern District of New York.

Mr. Kotlyarsky was arrested, humiliated, sentenced to 41 months in prison.

The impact of the sentence took a heavy toll on the 70-year-old good Samaritan who served his prison term, 36 months' probation, had his social security frozen for 41 months. The financial, emotional, impact was profound as his wife was left to survive on $800 per month social security, because Mr. Kotlyarsky spent all of his and his wife's retirement savings on attorney's fees.

The Governemnt had a legal obligation and duty to present just two names: first co-conspirator who conspired with Mr. Kotlyarsky and the second name of who was extorted by Mr. Kotlyarsky.

Mr. Kotlyarsky was accused of committing the crimes of extortion and conspiracy to extort. In order to prove these charges, evidence must be presented that shows his involvement in the said crimes. For instance, a name of an alleged coconspirator must be revealed in order to demonstrate the extent of Mr.

Kotlyarsky's involvement in any possible conspiracy charge. Furthermore, the name of someone who was extorted by Mr. Kotlyarsky must be disclosed in order to show that he had indeed engaged in extortion. This evidence was never provided to the Court prior to the 05/31/2017 sentencing. In fact both the alleged victim and the alleged co-conspirator both confirmed that Boris Kotlyarsky was not involved in the crimes he was accused of.

Mr. Kotylarsky did not receive a fair shot and just punishment. Without tangible proof, such as names of those involved or a victim, it is impossible for the Court to conclude that Mr. Kotlyarsky has actually violated any laws.

## BACKGROUND- SEARCH FOR TWO NAMES

Mr. Anatoly Potik hired a hit man to kill his son-in-law, Mr. Oleg Mitnik, in connection with a $20 million divorce dispute with Mr. Potik's daughter. Mr. Potik's plot failed miserably as it was discovered by accident by Mr. Kotlyarsky who then informed Mr Mitnik and suggested that he report the matter to the FBI. Within a week, Mr. Mitnik contacted the police and FBI - but unfortunately for him, Mr Potik had a special relationship with the FBI that led the FBI to cover up any evidence of his involvement in the murder-for-hire plot and the 250,000 contract on his son in laws life.

3

Evidentiary recordings of all meetings between Potik and the hitman- Nayfeld evidenced the plot and supported the conspiracy to extort and blackmail - yet inexplicably, after just four months on request from the government, all allegations against Mr. Potik were dropped without further investigation into any possible wrongdoings.

This is an unbelievable demonstration of how connections between government entities can lead to biased judgments that disregard even crucial evidence from both the victim (Mr. Mitnik) and the government witness (Mr. Nayfeld) alike.

The statement by Hon Brett Kavanaugh that "all cases must be decided only on the evidence presented" is rendered moot here; Judge Lewis A Kaplan even stated in open court during sentencing that he did not have any evidence supporting charges against Mr. Kotlyarsky - a remarkable statement given that both victim and witness both testified to innocence and noble deeds done by Mr. Kotlyarsky.

Oleg Mitnik's life was saved by Mr. Kotlyarsky from a hitman hired by Mr. Potik. See Trial case #1:16-CR-00215 (LAK). Mr. Mitnik testified on the record and provided a declaration to Honorable Judge Lewis A. Kaplan on January 27th, 2017 under the oath for the Pre-Sentencing Report (PSR) sections 24 through 28, as well as on December 3rd and 14th of 2017. The hitman himself -Mr. Nayfeld- provided audio recordings to the government on January 22nd, 2016 which confirmed these

4

facts (section 17) and he was then enlisted as a witness for the government and received a light sentence in exchange for his cooperation with this investigation.

Based on the detailed record and transcripts, testified under oath from Mr. Nayfeld dated January 8, 2016, January 11, 2016, January 14, 2016, October 1, 2016 (Brady), and October 12, 2016 (Allocution), it can be concluded that there was no conspiracy or money involved for Mr. Kotlyarsky in the situation. The Government witness Mr. Nayfeld confirmed this through his testimonies and US citizen Mitnik corroborated these accounts as well. Thus, the two remaining questions to answer are: who was the alleged conspirator and who was the potential victim of this purported crime? With careful deliberation of all facts presented and evidence provided.

U.S. Citizen Mr. Kotlyarsky was arrested, humiliated; sentenced to 41 monnths in prison for doing a noble deed. The Government had a legal obligation and the duty to present just <u>TWO NAME: (1) WHO IS THE CO-CONSPIRATOR WHO CONSPIRED WITH MR KOTLYARSKY; and (2) WHO WAS EXTORTED BY MR. KOTLYARSKY?</u>

Government could not establish just these two names and not other evidence.

It could not have been Mr. Nayfeld, due to evidence on the record (not conspiracy).

01/08/2016-01/11/2016-01/14/2016-01/22/2016-    §17.    Brady    10/01/2016-10/12/2016. The Government Transcripts.

Mr. Mitnik could not have been the one extorted since he testified over and over again that Mr. Kotlyarsky did not extort him. See 01/14/2016-01/27/2017, PSR §24-26; 12/03/2017; 12/14/2017; 03/18/2018. New York Post Interview- Full Page Mr. Kotlyarsky asked the same two questions 05/31/2017-02/23/2018 in §2255 Motion and in six letters communications with Hon. Lewis A. Kaplan. Only two questions at least eight times, not answered.

ARGUMENT

1. Standard of Review

What do Appellate Judges look for when reviewing a case? In almost all cases, the Appellate Court ONLY looks at two things: (1) Whether a legal mistake was made in the trial court. (2) Whether this mistake changed the final decision (called the Judgment) in this case.

2. Mistake was made in the Trial Court:

For the reasons that set out in the Government's letter and that AUSA Mr. Thomas has just ably summarized I do not accept that your conduct with respect to extortion were quite as selfless as you and your lawyer have portrayed it although I don't have specific evidence before me to make an express finding and I don't it seems to me Page 17, line 11-25. The Government evidence in the Court possession on or before 05/31/2017; 01/14/2016 US Citizen Mr. Oleg Mitnik the Victim Statement to S.A.

Luke Hardison concerning Mr. Kotlyarsky one hour prior to the arrest. Mr. Mitnik: "He is not involved." 01/27/2017 PSR §24-§28.

VICTIM IMPACT: The Defendant did not initiate the contract on his life, he told him about the contract on his life, and he never asked for or expected to be compensated financially for telling him about the Contract. The victim does not feel that Kotlyarsky should have been charged with extortion. The victim does not feel that Kotlayrsky should have been charged with extortion. The victim believes that if it were not for Kotlyarsky interceding in this scheme, he would be dead.

May 4th, 2017, The Government Brady, Dkt. 58, Page 5-6. Later when the victim inquired about amounts "to be paid to Nayfeld, the Defendants responded that "I don't know, I'm not interested- I haven't even asked him" and "That's when you and him sit down, for me- now this is where I shouldn't be and for me- I don't need that in hundred years, because I don't have any interest here."

Page 6 during the January 11, 2016 meeting, Nayfeld told the victim that the victim was lucky Kotlarysky intervened. That God someone like Borya Kotlyarsky came into the picture, because if it wasn't for him, basically what is the difference to me. Thank God it turned out this way. Honorable Lewis A. Kaplan charged Mr. Kotlyarsky with Title 18 U.S.C. §1951 extortion never revealed the name of the victim who was extorted and the reason this victim did not exist no regarding co-conspirator name Hon. Lewis A. Kaplan: I understand there's been no express

testimony or evidence that you and Nayefeld ever had a specific discussion or understanding but I do think the logic of the situation is such that it was your intent and expectation. I do think and I find that you did it, in part, out of the view that you would and could benefit economically from that intervention. On or before Mary 31, 2017 sentencing Hon. Lewis A. Kaplan was in possession of the 10/01/2016 Brady by Government regarding Nayfeld Stated and 10/12/2016 Nayfeld Allocution under the oath. 10/01/2016 and 10/12/2016 Nayfeld stated: Not any financial gain and not conspiracy to extort with Mr. Kotlyarsky. 10/01/2016;, The Government advises that a witness has informed the Governemtn in sum and substance that the Defendant was offered direct payment in connection with the events described in the indictment, but declined the offer re: United States v. Boris Kotlyarsky 16-CR-215 (LAK) Pursuant to Rule 16 (A) of the Federal Rules of Criminal Procedure, the Government is producing to the Defendant the Following discovery by email.

10/12/2016- The Government witness allocution under the oath by Boris Nayfeld Case #: 1-16-CR-2017 (KBF) Before Honorable Katherine B. Forrest, District Judge Mr, Nayfeld: Not conspiracy with Kotlyarsky, not money for Kotlyarsky, I want the truth 10/12/2016 page 36, line 11-25; Page 37, Line 07-25; page 38, line 01-25; Page 40, Line 13-25; page 41, line 01-25; Page 43, Line 18-25; page 44, line 01-25; Page 45 No conspiracy, I want the Truth. Page 46, Line 1-10, page 47, line 13-20.

Then the Victim U.S. Citizen Oleg Mitnik the Victim 12/14/2017 Declaration to Honorable Lewis A. Kaplan under the oath. 03/18/2018 N.Y. Post interview, the Government witness U.S. Citizen Mr. Nayfeld 01/11/2016-10/01/2016. Brady 10/12/2016 Allocution

3. The Justice in the Southern District of New York is Absolutely Unexplainable

US Citizen Mr. Kotlyarsky has Petitioned the court to reverse and remand. January 14, 2016, one hour prior to the arrest of Mr. Kotlyarsky, U.S. Citizen Mr. Mitnik whose life was saved by Mr. Kotlyarsky stated to S.A. Luke Hardison regarding Mr. Kotlyarsky: "He is not Involved"!

January 14, 2016 Certified video post arrest interrogation of Mr. Kotlyarsky for 60 minutes- 32 pages, where repeatedly Mr. Kotlyarsky declared his innocence and noble deed (07/21/2016).

January 14, 2016 The Government transcript 3 minutes- 3 pages (10/24/2016-Dkt. 42-4); where the Government tried to hide from Honorable Lewis A. Kaplan (06/02/2016)- page 4. Where Mr. Kotlyarsky declared his innocence and noble deed also.

4. Way of Justice

In total: the Victim's statement Mr. Kotlyarsky Not Involved! Mr. Kotlyarsky Video Transcript declaration of innocence and noble deed! The Government Video Transcript Mr. Kotlyarsky declared innocence and noble deed! What S.A. Luke

Hardison and NYPD detective Gennady Ladyzhinsky committed without having a single evidence. Where victim declaring Mr. Kotlyarsky innocence. These two Government officials: FBI and NYPD directed 70-year-old U.S. Citizen Mr. Kotlyarsky in MCC-Solitary Confinement.

01/14/2016-01/21/2016 with not phone calls, not commissary, not shower. But mastermind Anatoly Potik was not arrested on January 14, 2016 at all! The hit man Boris Nayfeld head of Russian Mafia on Brighton Beach, who killed before was arrested and located in MCC-7 South population with phone calls, with commissary, TV, despite he was read to murder in conspiracy with Anatoly Potik for $250,000. Evidence 01/08/2016-01/11/2016.

On January 14th, 2016; then 01/22/2016 §17 Audio Recording for all meetings between A. Potik- Not arrested 01/14/2016. Murder of U.S. Citizen Mr. Mitnik was discussed what happened with Justice in Southern District of New York, NY 10007.

Mr. Kotlyarsky acted selflessly and without any expectation of reward, when he came to the aid of fellow US citizen Oleg Mitnik. While trying to save Mr Mitnik's life, Mr Kotlyarsky found himself facing criminal charges and denied the opportunity to make his case before the court. It is unfair that he should suffer for an act of heroism and compassion. Mr Kotlyarsky deserves the chance to have his day in court, so that he can tell his story under oath and with penalty of perjury attached if he were to lie or deceive in any way. He should be provided with this opportunity

so that justice can be fully served – both for Mr. Kotlyarsky himself and for Mr Mitnik whose life was saved. America prides itself on being a nation of freedom and justice, where everyone – regardless of their social or economic standing – can speak their truth and have their rights respected in court. For these values to be upheld, it is important that Mr. Kotlyarsky is allowed the chance to present themselves before a judge and jury freely while under oath.

Mr. Kotlyarsky has persistently sought to uncover the names of the co-conspirator and victim involved in the sentencing of 05-31/2017, taking his pursuit of justice to Honorable Lewis A. Kaplan through six letters of communication. Unfortunately, no names were ever provided by the court in response to Mr. Kotlyarsky's requests for information, and he was even warned in a letter dated 03/09/2022 that any further baseless applications might result in sanctions being imposed upon him. Undeterred by this development, Mr. Kotlyarsky persisted with two additional letters dated 03/09/2022 and 08/27/2022, both of which sought to provide more clarity and facts on this issue but failed to reveal any new information concerning either the co-conspirator or victim that would have been necessary for a fair ruling on this case. The denial of justice is clear, and it is equally clear why Mr. Kotlyarsky has been so determined in his efforts to obtain these names from the court – without knowing who was involved in this crime or their actions leading up to it, there can be no

justifiable outcome from this sentencing. This is a clear indication that Mr. Kotlyarsky was denied due process.

Hon Lewis A. Kaplan was presented with a case of Mr. Kotlyarsky that involved a false manufactured accusation made by the government in violation of Mr. Kotlayrsky's constitutional rights as a US citizen. Despite this fact, the court decided to trust the government's letters and summaries rather than examine the true evidence under oath provided by both the victim and the government witness. Mr. Kotlyarsky is not asking for any particular decision from the court; he only requests an opportunity to present evidence so that his case can be judged according to the law – with evidence, rather than based on hearsay and false pretenses. He seeks justice through means of having his case examined objectively and impartially, respecting his right to due process, which has been denied up until now. The United States prides itself on its commitment to upholding laws based in fairness and justice for all citizens; however, this case serves as an example of how those values are not always honored or upheld in practice. It is essential that our legal system not turn away from examining real evidence in favor of trusting letters or summaries from the government, no matter how convincing they may seem at first glance – otherwise, we will fail to uphold all citizens' right to due process through impartial judgment and fair treatment within our courts of law.

On January 14th, 2016, Mr. Kotlyarsky was given his advice of rights at 26 Federal Plaza in Manhattan, NY at 4:23pm. Special Agent Luke B. Hardison and NYPD Detective Gennady Ladyzhinsky were present to participate in the post-arrest video interrogation of Mr. Kotlyarsky. However, their participation was hidden from Honorable Lewis Kaplan who was assigned to the case on March 22nd, 2016 as seen on page 4 line 1-6 of the court document (Case 1:16-CR-00215-LAK Dkt. 42-4 10/24/2016).

The federal government had a legal obligation to adhere to the orders issued by state officials during the trial of Mr. Kotlyarsky. However, their failure to do so resulted in Mr. Kotlyarsky being unable to pursue any legal action against them for any wrongdoings committed during his arrest and trial proceedings. This breach of rights is an egregious violation of human rights.

In this particular case, the United States Attorney's Office in the Southern District of New York praised the outstanding work of FBI agents, U.S. Customs and Border Protection Officers and NYPD detectives for their investigative efforts and ongoing support in this case. These officials were instrumental in the Government's investigation. The actions taken by state officials demonstrate their participation. Nonetheless this Court recognizes a cause of action against the Governmetn when it violates due process. In Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action

for damages against federal officers who violate the Fourth Amendment. This case represented a variation on an old theme—for centuries, state and federal courts have created judge-made tort remedies for official misconduct, including unconstitutional conduct. See Bell v. Hood, 327 U.S. 678, 684 (1946). Murray v. The Schooner Charming Betsy, 6 U.S. (2 Cranch) 64 (1804), and Little v. Barreme, 6 U.S. (2 Cranch) 170 (1804), are examples in which federal courts awarded damages for unlawful seizures of foreign vessels.

When faced with this issue, the Supreme Court was asked to determine whether such liability should be determined by state common law or if there should be a uniform federal remedy available. Ultimately, it was decided that a federal remedy would be available in cases where it was necessary to protect constitutional rights.

The decision ensures that those whose rights have been violated by government officials will not go uncompensated and will be afforded protections under the Constitution through awarding damages for violations.

<u>CONCLUSION</u>

Mr. Kotlayrasky, a 70 year-old man living in the United States, risked his own life to save that of another without financial or any other gain. His heroic deed cost him dearly, as he spent 41 months incarcerated and suffered a stroke while in prison, followed by 36 months on probation. Furthermore, as a result of his imprisonment,

Mr. Kotlayrasky lost all of his retirement savings, leaving his wife with only $800 per month for social security payments minus medical deductions. Not only that, his noble act also cost him time away from his children and grandchildren. Mr. Kotlayrasky had to meet the government in court to present true evidence which the government had failed to provide between 01/14/2016 - 05/31/2017. The US citizens Oleg Mitnik (the victim) and Boris Nayfeld (the witness) both testified on record that Mr. Kotlayrsky's deeds were indeed honorable; all government transcripts in the case fully supported this assertion. the Bible states: "If you save the life of one person you save the world". Indeed Mr. Kotlayrasky did just that: he risked everything out of selfless devotion to another human being; an act worthy of admiration and respect.

Shortest case in U.S. history: one minute for Count I: Conspiracy to extort, one minute for Count II Extortion. Case # 1:16-CR-00215 (LAK), United States v. Boris Kotlyarsky, Title Section 18 U.S.C. §1951 Count One- Nature of Offense:

Conspiracy to Commit Extortion, United States District Court, Southern District of New York 10007. Honorable Lewish A. Kaplan Presided!
Two or more persons the must in the conspiracy to extort- just to pronounce the name of second co-conspirator.

One minute-Just the Name? (Definitely Not Boris Nayfeld!): Evidence 01/11/2016-10/01/2016 Brady- 10/12/2016 Allocution under the Oath.

Nature of offense to commit extortion. The extortion just to pronounce the Victim's name, must be the victim. One minute just the name (definitely not Oleg Mitnik). Evidence 01/14/2016- Statement of S.A. Hardison. 01/27/2017-PSR §24-28 to the Court- Hon. Lewis A. Kaplan. 03/18/2018 New York Post Interview page 23.

Only two minutes and the Guinness World Book of Record for Shortest Case!.

Boris Kotlyarsky, an American citizen, only wants the opportunity to present evidence to the court in order to prove his innocence. Unfortunately, this right has been denied until now. Mr. Kotlayrsky is willing to answer questions under oath and penalty of perjury in order to ensure an accurate record of the hearing. He hopes that by presenting the evidence and providing candid answers, the court will come to a fair decision in line with US law. This is Mr. Kotlayrsky's only hope for justice.

DATED: AUGUST 25, 2023

BORIS KOTLYARSKY

**PAGE LIMIT CERTIFICATION**

I Boris Kotlyarsly Certify under penalty of perjury that the Reply Brief contains **3638 words** and complies with **Rule 32(a)(7)(B).**

Dated: August 25th, 2023

BORIS KOTLYARSKY

FROM BORIS KOTLYARSKY
1900 E 22 STREET
Brooklyn, N.Y. 11229
DOCKET No 22-2750
PRO-SE
(917) 969-9984



Retail

U.S. POSTAGE PAID
PM
BROOKLYN, NY 1122
AUG 26, 2023

10007

**$29.20**

R2305K143268-03

RDC 01

9589 0710 5270 1062 6300 58

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



9589 0710 5270 1062 6300 58

PRIORITY
★ MAIL ★

TRACKED
★ ★ ★
INSURED
★

UNITED STATES
POSTAL SERVICE ®

For Domestic and International Use    Label 107R, May 2014